*471 OPINION.
Marquette:
Whether the taxpayer is a personal service corporation depends on whether Thomas D. Downing, Paul G. Downing, and William Lippman were the principal stockholders of the corporation. All the other elements essential to classification as a personal service corporation concededly exist. The legal effect of the endorsement in blank and delivery of the certificates of stock issued to Frances M. Downing and Florence D. Lippman is therefore determinative of the question involved.
The facts found disclose that the certificates in question were issued to the wives of Downing and Lippman and on the same date, or shortly thereafter, were endorsed in blank by them and delivered to their respective husbands with intent to pass title thereto. It is well settled that the endorsement of a certificate of stock in blank and the delivery thereof passes both the legal and equitable title as betiveen the parties. McNeil v. Tenth National Bank, 46 N. Y. 325. And it is common practice to pass certificates thus endorsed from hand to hand without change of the name of the original owner, although the title changes with each delivery. Fisher v. Mechanics’ & Metals National Bank, 153 N. Y. S. 786.
Upon the facts herein we are of opinion that the legal title to the certificates of stock originally issued to Frances M. Downing and Florence D. Lippman, respectively, was vested in Thomas D. Downing and William Lippman, and that they, together with Paul G. Downing were the principal stockholders of the corporation. The taxpayer is therefore entitled to classification as a personal service corporation.
Akundell not participating.